United States District Court
Southern District of Texas
**ENTERED**
August 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASSOCIATES IN EMERGENCY RESPONSE, LLC, | § § § § | |
| *Plaintiff*, VS. | § § § | CIVIL ACTION NO. 4:23-CV-02057 |
| PROJECT AND VENDOR MANAGEMENT ADVISORS, LLC, | § § § § | |
| *Defendant*. | § § § | |

# ORDER

Pending before the Court is Defendant Project and Vendor Management Advisors, LLC's ("PVMA" or "Defendant") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 23). Associates in Emergency Response, LLC ("AER" or "Plaintiff") responded in opposition. (Doc. No. 26). Defendant replied. (Doc. No. 29). For the reasons explored below, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. (Doc. No. 23).

## I.  Background

AER filed this action against PVMA for breach of contract and for failure to comply with payment obligations under the Texas Prop. Code § 28.002 ("Texas Prompt Pay Act"). In September 2017, AER and PVMA signed a "Teaming Agreement" that, according to its terms, "confirmed the establishment and joint intent of a working relationship between the Parties to support various emergency response and recovery projects and/or various contracts as awarded by either party individually or collectively[.]" (Doc. No. 21-1 at 1). In November 2017, AER and PVMA signed a separate "Subcontractor Agreement" in which PVMA engaged AER to provide call center services to support PVMA's existing contract with a third party, Witt-O'Brien's ("Witt

O'Brien's"). The Subcontractor Agreement provided that "as directed by Federal Emergency Response Administration (FEMA) representatives or Texas General Land Office (GLO) representatives or Witt O'Brien's (Witt) representatives, the call center staff will place outgoing calls to individuals adversely affected by Hurricane Harvey." (Doc. No. 21-2 at 3). Among other duties, the call center employees would "describe the remediation program for direct repairs to homeowners who have been adversely affected by Hurricane Harvey" and would "schedule inspections" of those homes. (Doc. No. 21-2 at 3).

PVMA agreed to pay AER directly for the work AER performed for Witt O'Brien's. The Subcontractor Agreement provides that "payment to [AER] will be made promptly on receipt by PVMA and payment from [Witt O'Brien's] pursuant to the Master Subcontract Agreement, or net 30 days of receipt of properly submitted invoice and supporting documentation, whichever comes first." (Doc. No. 21-2 at 8).

Later in November 2017, a "Task Order" was executed by AER and PVMA. (Doc. No. 21-3). The Task Order is explicitly governed by the terms of the Subcontractor Agreement. (*Id.*). Under the Task Order, AER was to provide construction inspectors to perform home inspection services at various sites in accordance with the guidance set forth in specific FEMA fact sheets and checklists[1] on behalf of PVMA under its contract with Witt O'Brien's. (*Id.*).

AER alleges that it provided the services pursuant to both the Subcontractor Agreement and the Task Order with PVMA, but that PVMA did not fully compensate AER for its work. As a result, AER filed this action against PVMA for breach of contract and for failure to comply with payment obligations under the Texas Prompt Pay Act. AER claims that PVMA is also obligated to pay interest, costs, and attorney's fees under the Texas Prompt Pay Act. (Doc. No. 21 at 4).

---

[1] FEMA fact sheet DR-4332 Texas Permanent Housing Construction (PHC) repair and the FEMA DR-4332 Direct Housing PHC checklist. (Doc. No. 21-3 at 1).

AER originally filed suit against PVMA in Louisiana state court asserting identical causes of action for breach of contract and a similar statutory claim under the Louisiana Prompt Payment statute. *See* La. Stat. Ann. 9:2784. AER believed that Louisiana state court had jurisdiction based on a provision in the Teaming Agreement that identified the Parish of East Baton Rouge as the "proper venue" for all disputes. (Doc. No. 26 at 3). While several motions were pending in the Louisiana state court action, AER filed its original Complaint in this Court on June 6, 2023. After a protracted fight between the parties, the Louisiana state court entered an order dismissing the state court case for lack of subject matter jurisdiction on June 12, 2023. After PVMA filed a 12(b)(6) motion to dismiss in the instant action, this Court granted AER leave to amend its complaint. The First Amended Complaint ("FAC") seeks $144,478.80 in damages from PVMA, damages arising from violation of the Texas Prompt Pay Act, and attorney's fees.

In its 12(b)(6) motion to dismiss, PVMA argues that AER's FAC should be dismissed as to any claim of breach of the Teaming Agreement because it fails to state with particularity any basis by which PVMA breached that agreement. Additionally, PVMA argues that AER's remaining breach of contract claims and its Texas Prompt Pay Act claim should be dismissed as time-barred. Finally, in the alternative, PVMA asserts that AER's claim under the Texas Prompt Pay Act should be dismissed because the statute is inapplicable to any relationship between AER and PVMA.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

#### a. Teaming Agreement

First, PVMA argues that AER fails to specify how PVMA allegedly breached the Teaming Agreement. AER responds that the relationship between the parties was "initiated" through the Teaming Agreement and that "construing the pleading in AER's favor, and presuming the allegations of the pleadings are true and resolving any reasonable doubts and inferences in the non-moving party's favor, AER has stated a cause of action against PVMA [under] all of the agreements." (Doc. No. 26 at 5).

In Texas, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 970 (N.D. Tex. 2014) (citing *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)) (internal quotation marks omitted). Courts in this Circuit have "consistently indicated that, as a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." *Id.* (collecting cases). In this case, the Complaint alleges that PVMA is liable to AER for breach of contract based on the outstanding balance it owes "for the services [AER] performed pursuant to [the] agreements[.]" (Doc. No. 21 at 5).

The FAC points to specific provisions of the Subcontractor Agreement and the Task Order and alleges that AER provided services pursuant to those contracts. (*Id.* at 3). The FAC does not, however, mention the Teaming Agreement or any specific provision of the Teaming Agreement that was allegedly breached outside the statement in the Factual Background section that states "AER and PVMA executed a Professional Teaming Agreement." (*Id.* at 1). Even AER's response to PVMA's Motion seems to acknowledge this deficiency: AER argues that "after discovery, should PVMA deem a particular cause of action does not exist under a particular agreement, then they are entitled to file other pleadings at that time." (Doc. No. 26 at 6).

Ultimately, the FAC fails to specify what particular provision, if any, of the Teaming Agreement that PVMA is alleged to have breached. The focus of the allegations center on the alleged breach of the Subcontractor Agreement and the Task Order. Even accepting all of the allegations as true, AER has simply failed to state a claim upon which relief can be granted as to the Teaming Agreement. PVMA's Motion is granted as to this issue.

b. **Statute of limitations**

PVMA next argues that AER's breach of contract claims as to the other two contracts (the Subcontractor Agreement and the Task Order) and its Texas Prompt Pay Act claim should be dismissed as time-barred by the relevant Texas statute of limitations. AER responds that it qualifies for relief from the applicable statute of limitations under the Texas "savings" statute. *See* Tex. Civ. Prac. & Rem. Code § 16.064. This Court, sitting in diversity, applies the forum state's statute of limitations and tolling rules. *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022).

Under Texas law, a breach of contract claim is subject to a four-year statute of limitations. *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166 (5th Cir. 2024). A breach of contract claim accrues when the contract is breached. *Id.* There is no express limitation for claims brought under the Prompt Pay Act, so Texas' four year residual statute of limitations applies to that claim. Tex. Civ. Prac. & Rem. Code § 16.051.

The FAC alleges that PVMA's breach occurred on January 4, 2019. (Doc. No. 21 at 3). AER's breach of contract claims therefore accrued on January 4, 2019. AER further claims that, under the Texas Prompt Pay Act, "PVMA was obligated to pay AER for the work it performed on behalf of PVMA no later than the seventh date after PVMA received payment from Witt O'Brien's." (Doc. No. 21 at 4). Accordingly, AER's Prompt Pay Act claim accrued on January 11, 2019. Since both claims are subject to four year limitations periods, AER must have brought its breach of contract claim(s) against PVMA before January 4, 2023, and its Prompt Pay Act claim before January 11, 2023. This case was filed on June 6, 2023.

The Texas Civil Practice and Remedies Code "requires claimants to bring suit by particular deadlines but also provides exceptions that extend or suspend those limitations periods." *Sanders*

6

*v. Boeing Co.*, 680 S.W.3d 340, 343 (Tex. 2023). "One such exception, set forth in Section 16.064, 'suspends the running of the applicable statute of limitations for the period' from 'the date of filing an action in a trial court' until 'the date of a second filing of the same action in a different court,' but only if (1) 'because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding,' and (2) 'not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.'" *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.064(a)). The section does not apply if the adverse party "has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." Tex. Civ. Prac. & Rem. Code § 16.064(b).

First, PVMA argues that AER's decision to file the Louisiana state court lawsuit was "strategic" and was not the result of a "good faith mistake." (Doc. No. 23 at 10). PVMA points to the language of the Subcontractor Agreement, which provides that the Agreement "will be governed by the laws of the State of Texas…[e]ach Party consents to exclusive jurisdiction of state and federal courts located in Harris County, State of Texas, with respect to any claim arising under or by reason of the Agreement." (Doc. No. 21-2 at 10). Ultimately, PVMA asserts that AER intentionally disregarded proper jurisdiction and is trying to "have its cake and eat it too." (Doc. No. 23 at 11). AER responds that it filed in Louisiana state court in good faith, and points to the Louisiana state court's initial denial of the exception for lack of subject matter jurisdiction filed by PVMA as evidence that there was a genuine dispute over whether the Louisiana court had subject matter jurisdiction. Considering the arguments and the procedural background of this case, including the initial denial of the exception in the state court, the Court finds that PVMA has not shown that the first filing was made with "intentional disregard of proper jurisdiction."

In its reply, PVMA also argues that by the express terms of Section 16.064, the running of limitations is not suspended until the trial court where the action was first filed dismisses the case because it lacks jurisdiction. The instant case was filed six days prior to the date the Louisiana state court dismissed the first case for lack of jurisdiction.

In interpreting the savings statute, the Court is mindful that it is "remedial in nature and [is] to be liberally construed." *Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ) (citing *Republic Nat. Bank of Dallas v. Rogers*, 575 S.W.2d 643, 647 (Tex. Civ. App.—Waco 1978), writ refused NRE (Apr. 18, 1979)). While the Supreme Court of Texas recently issued a detailed opinion analyzing Section 16.064, that case focused on when a dismissal becomes "final" for the purposes of the statute (and, accordingly, when the 60-day tolling window closes). *See Sanders*, 680 S.W.3d at 340. Here, the Court is faced with a situation in which a party filed the second suit several days prior to the dismissal order for lack of jurisdiction in the first suit. PVMA argues that AER was "too soon" (rather than "too late," which is more often the situation faced by courts when considering the applicability of the statute). Given the very short period of time—six days—between the Louisiana state court's dismissal for lack of jurisdiction and the filing of the second suit, the Court simply cannot find that it was "so premature…as to be devoid of any meaningful relationship with the signing of the final judgment." *Winston v. Am. Med. Intern., Inc.*, 930 S.W.2d 945, 954 (Tex. App.—Houston [1st Dist.] 1996, writ denied). The Court finds that the savings statute applies and denies PVMA's motion to dismiss as to this issue.

  c. **Prompt Pay Act Claim**

The Court next considers PVMA's argument that AER fails to state a claim under the Texas Prompt Pay Act. Under the Prompt Pay Act, "[a] contractor who receives payment…from an owner in connection with a contract to improve real property shall pay each of its subcontractors

8

the portion of the owner's payments including interest, if any, that is attributable to work properly performed or materials suitably stored or specially fabricated as provided under the contract by that subcontractor, to the extent of that subcontractor's interest in the owner's payment. The payment required by this subsection must be made not later than the seventh day after the date the contractor receives the owner's payment."[2] Tex. Prop. Code § 28.002(b).

PVMA first argues that AER does not sufficiently allege in the FAC that the agreements at issue were "contract[s] to improve real property" such that the Prompt Pay Act applies. Indeed, in its FAC, AER does not include any detailed allegations about the nature of the contract between Witt O'Brien's and PVMA. The FAC alleges only that AER was to provide call center representatives and construction inspectors to PVMA and that Witt O'Brien's would ultimately pay PVMA for that work. (Doc. No. 21 at 2-3). The FAC alleges vaguely that "AER provided labor in connection with Witt O'Brien's to improve real property," but this is not sufficient, without more, to survive a 12(b)(6) motion under *Twombly* (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). 550 U.S. at 570. AER does not plead with specificity that the contract between PVMA and Witt O'Brien's was a "contract to improve real property" under the statute.

Moreover, an "owner" is defined under the statute as "a person or entity, other than a governmental entity, with an interest in real property that is improved[.]" Tex. Prop. Code § 28.001(4). A "contractor" is defined as "a person who contracts with an owner to improve real property or perform construction services for an owner." Tex. Prop. Code § 28.001(1). According

---

[2] Similarly, "a subcontractor who receives a payment…from a contractor in connection with a contract to improve real property shall pay each of its subcontractors the portion of the payment, including interest, if any, that is attributable to work properly performed or materials suitably stored or specially fabricated as provided under the contract by that subcontractor, to the extent of that subcontractor's interest in the payment. The payment required by this subsection must be made not later than the seventh day after the date the subcontractor receives the contractor's payment." Tex. Prop. Code § 28.002(c).

9

to PVMA, AER has not plausibly alleged that Witt O'Brien's is an "owner" or "contractor" under the statute. The project apparently involved call centers and inspections pursuant to Witt O'Brien's contract with FEMA and the Texas General Land Office. AER responds that "the owners of the real property, Witt O'Brien, authorized PVMA to act on their behalf," but nowhere in the Complaint does AER allege that Witt O'Brien's actually owned or had an interest in any property at issue here. In fact, it appears that AER provided call centers to support individual homeowners' remediation needs after Hurricane Harvey. The facts alleged in the FAC do not plausibly state a claim such that they can survive PVMA's motion to dismiss. Accordingly, the Court grants PVMA's motion as to AER's Prompt Pay Act claim.

In sum, the Court grants PVMA's motion to dismiss AER's breach of contract claim based on the Teaming Agreement and PVMA's motion to dismiss the Prompt Pay Act claim. The Court denies PVMA's motion to dismiss AER's breach of contract claims based on the Subcontractor Agreement and the Task Order. AER is hereby **ORDERED** to file a Second Amended Complaint consistent with this Order by September 3, 2024.

Signed on this the 15 day of August 2024.

Andrew S. Hanen
United States District Judge